UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CARRIE M. WILLIAMS, | ) | C/A No.  9:14-4788-DCN-BM |
| | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by the Plaintiff, Carrie M. Williams, pro se, seeking review of a decision of the Social Security Administration under 42 U.S.C. § 405(g).  The case is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997) [pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against



possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.

Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

## Discussion

Plaintiff requests that the Court review her "new evidence" as to a claim for Disability Insurance Benefits (DIB) that she filed with the Social Security Administration, and approve her claim for disability benefits. She asserts that her previous claim and the evidence for disability named the wrong person and had wrong information about her illnesses. Plaintiff requests "a fair look at my claim with the right medical information reviewed." Complaint, ECF No. 1 at 3, 5.



Under § 405, the Federal Courts generally[1] do not have jurisdiction to review a decision by the Commissioner absent a final decision of the Commissioner. See Califano v. Sanders 430 U.S. 99 (1977). To obtain a judicially reviewable final decision, a claimant must complete the administrative review process discussed below. 20 C.F.R. § 404.900(a); see Califano v. Sanders, 430 U.S. at 101-102; see also 42 U.S.C. § 405(a); Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

Initially, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, a claimant may ask for a reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsideration determination, a claimant may then request a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967.[2] If a claimant does not pursue their administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981. If an appeal is pursued, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the

---

[1] There are two narrow exceptions to the district court's lack of jurisdiction. These exceptions occur when a claimant raises a colorable claim of unconstitutionality, see Young v. Bowen, 858 F.2d 951, 954 (4th Cir.1988), and when the Commissioner, in denying a petition to reopen an earlier application, actually addresses the merits of the claim, thereby constructively reopening the prior application. See McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981). Here, however, there is no allegation that there was a "de facto" reopening by the Commissioner and no colorable constitutional claim has been asserted.

[2] Ordinarily, a claimant must exercise administrative appeals rights and seek judicial review within a specified time frame. 20 C.F.R. § 404.900(a). Upon a showing of good cause, however, the Commissioner will extend the time for seeking review. See 20 C.F.R §§ 404.909(b)[reconsideration of initial determination]; 404.911[request for review], 404.933(c)[request for a hearing], 404.968(b)[request for Appeals Council review], 404.982 [to file action in federal district court].

3



Commissioner, or the Appeals Council may grant the request for review and issue its own decision. 20 C.F.R. § 404.967. In either event, this decision becomes the final decision of the Commissioner. The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.; 20 C.F.R. 404.981.

Thus, under the regulations, a claimant obtains a judicially reviewable final decision only if he or she completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his or her request for review. 20 C.F.R. §§ 404.981, 422.210. As the Supreme Court stated in Sims v. Apfel:

> If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases.[] In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.[]

Sims v. Apfel, 530 U.S. 103, 107 (2000)(internal citations omitted).

In her Complaint, Plaintiff states that she filed a Title II application for DIB on September 27, 2011, and that her claim was denied on June 2, 2012. Although Plaintiff states in the narrative of her Complaint that she appeared and testified at a hearing on August 16, 2013, at which she was represented by an attorney and a vocational expert appeared and testified; see ECF No. 1 at 3; as she did not allege that she completed the administrative review process, special interrogatories were submitted for Plaintiff to complete, which she returned to the Court on January 16, 2015. See ECF Nos. 7-1, 12. Plaintiff answered that she filed an application for benefits and filed a Request for Reconsideration, but (in contrast to the information provided in Plaintiff's Complaint), in her answers to the Court's Special Interrogatories Plaintiff now says that she did *not*



request a hearing before an ALJ.  Plaintiff also did not answer the question as to when a hearing was held before an ALJ, and did not respond to the question asking her to state the result of the hearing. Additionally, Plaintiff also answered "NO" to the question of whether she had sought review by the Appeals Council, and she did not provide the date of or the result of any Appeals Council decision. See ECF No. 12.

Hence, although it appears that Plaintiff did complete some of the steps of the administrative review process, she concedes that she did complete the administrative review process for her claim for DIB.  In particular, she has confirmed that, even assuming she had a hearing before an ALJ (which is unclear), she never appealed any decision by an ALJ to the Appeals Council, or that she received a decision from the Appeals Council or was notified that the Appeals Council had denied her request for review.  Therefore, this Court lacks jurisdiction over Plaintiff's claim, as she has not alleged that she exhausted her administrative remedies or alleged an exception to exhaustion (such as a colorable constitutional claim).  See 42 U.S.C. § 405(g); Heckler v. Ringer, 466 U.S. 602, 618-619 (1984)[dismissal appropriate because of failure to exhaust]; Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir. 1993), cert. denied, 510 U.S. 1198 (1994)[claimant failed to state colorable constitutional claim and was not entitled to waiver of exhaustion requirements].

## Conclusion

Accordingly, it is recommended that the Complaint in the above caption case be dismissed without prejudice and without issuance and service of process.  **If the Plaintiff provides the Court within the time set forth for filing objections to this Report and Recommendation with evidence or factual allegations showing that she has exhausted her administrative remedies or qualifies under an exception to exhaustion, the Clerk is directed to vacate this**



**Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 22, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

